UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **COLDWELL BANKER REAL ESTATE LLC** | : | |
| Plaintiff, | : | Civil Action No. 09-5513 (JLL) |
| v. | : | |
| | : | |
| **EXECUTIVE RESIDENTIAL CONSULTANTS, ET AL.** | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on the motions of Defendants Executive Residential Consultants, Inc. ("Executive Residential Consultants"), Leonides Damas and Pablo Damas (collectively, "Defendants") to dismiss and/or transfer this action pursuant to 28 U.S.C. §1404(a) and/or 28 U.S.C. §1406(a) to the United States District Court for the Southern District of Florida (CM/ECF Docket Entry Nos. 2 & 4). Plaintiff Coldwell Banker Real Estate LLC ("Plaintiff") opposed the motions. Pursuant to Federal Rule of Civil Procedure 78, the Court decides this matter without oral argument. This report and recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the Undersigned recommends that Defendants' motions be granted.

## INTRODUCTION

On or about August 20, 2009, Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey, Law Division, Middlesex County, sounding in breach of contract. On or about October 29, 2009, Defendants removed the action to this Court based on diversity of citizenship. Plaintiff, a California limited liability company with its principal place of business in New Jersey, operates a real estate brokerage franchise system throughout the United States. (Cmp. at ¶ 1.) Defendant Executive Residential Consultants is a Florida corporation with its principal place of business in Florida. (Ntc. of Rem. at ¶ 7.) Defendants Leonides Damas and Pablo Damas are residents of the state of Florida and are the principals of Executive Residential Consultants. (Cmp. at ¶ 3-4; Ntc. of Rem. at ¶ 6-7.)

Plaintiff alleges that Defendants breached a franchise agreement pursuant to which Defendant Executive Residential Consultants was to operate a real estate brokerage office in Miami, Florida (the "Office"). The pertinent facts are as follows. On or about August 1, 2002, Plaintiff entered into a Franchise Agreement (the "Franchise Agreement") with Defendant

Executive Residential Consultants. (Pl. Bf. at P. 6.) As stated, under the Franchise Agreement, Executive Residential Consultants was to operate a Coldwell Banker real estate brokerage office in Miami, Florida. (Id.) Defendants Leonides Damas and Pablo Damas signed the Franchise Agreement on behalf of Executive Residential Consultants. (Id.) At the same time, Defendants Leonides Damas and Pablo Damas executed a personal guaranty of Executive Residential Consultants' obligations under the Franchise Agreement. (Id. at P. 7.) In addition, on or about July 30, 2002, Defendants executed a Development Advance Promissory Note (the "Promissory Note") in the principal amount of $200,000. (Cmp. at ¶ 18.)

Plaintiff alleges that Defendants breached the Franchise Agreement by failing to report and pay on closed transactions. (Cmp. at ¶ 28.) Plaintiff claims that, when Defendants failed to cure these faults, the Franchise Agreement was terminated effective June 22, 2009. (Id. at ¶ 31.) Plaintiff also asserts that Defendants failed to pay the sums owed under the Promissory Note, in addition to certain franchise fees. (Id. at ¶ 43.)

As stated above, on January 18, 2008, Plaintiff commenced the instant action in the Superior Court of New Jersey, and on October 29, 2009, Defendants removed the case to this Court.

Defendants now move to transfer this matter to the United States District Court for the Southern District of Florida.[1] In so moving, Defendants argue that the case should be transferred to the District of Florida because the majority of the facts giving rise to Plaintiffs' Complaint occurred in Florida. Defendants emphasize that the Office, along with many relevant documents and witnesses, are located in Florida and assert that the records Plaintiff seeks to audit and the property Plaintiff seeks to replevin are also located in Florida. Defendants state that, given these factors, the interests of justice would be best served by the requested transfer.

In response, Plaintiff argues that the interests of justice would not be served by a transfer to the United States District Court for the Southern District of Florida because Defendants agreed in the Franchise Agreement to non-exclusive personal jurisdiction and venue in this District. Plaintiff also asserts, *inter alia*, that its choice of forum is entitled to deference and that several operative facts, including the approval and execution of the Franchise Agreement, Guaranty and Promissory Note, occurred in New Jersey. Accordingly, Plaintiff requests that Defendants' motion to transfer be denied.

## **DISCUSSION**

Defendants request that this case be transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, as a threshold matter, we must determine whether the instant matter "might have been brought" in the Southern District of Florida. This requirement is satisfied if, at the time the case was originally filed: (i) venue was proper in the proposed transferee district under 28 U.S.C. § 1391 and (ii) the

---

[1]Because the Court finds that this matter should be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), it need not reach the merits of Defendants' other arguments for dismissal.

proposed transferee district could have exercised jurisdiction over the defendants. Colon v. Pitney Bowes Corp., 2007 WL 496875, *2 (D.N.J. Feb. 8, 2007).

Under 28 U.S.C. § 1391(a)(1), venue in actions based only on diversity is appropriate in, *inter alia*, "a judicial district where any defendant resides, if all defendants reside in the same State." The facts of the instant matter satisfy both prongs of this inquiry. As an initial matter, it is apparent from Plaintiff's Complaint that the individual defendants are residents of Florida. In addition, the corporate defendant is also a resident of Florida. See 28 U.S.C. §1391(c) ("[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."). Thus, venue in this matter would be proper in the Southern District of Florida.

In addition, the United States District Court for the Southern District of Florida could have exercised personal jurisdiction over Defendants had the action been filed before it because Plaintiff's causes of action arose out of Defendants' purposeful contacts in Florida. The Court is persuaded that these purposeful contacts are sufficient to confer specific jurisdiction over Defendants. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-76 (1985). Therefore, this matter meets the Section 1404(a) requirement that it "might have been brought" in the proposed transferee court, the United States District Court for the Southern District of Florida.

Turning to the remainder of the transfer analysis, the Court must consider three factors when determining whether to grant a Section 1404(a) transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 526 (D.N.J. 2000). The analysis is not limited to these factors, but rather is a flexible analysis in which the Court must consider "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. (citations and internal quotations omitted). Indeed, the test applied in determining whether to transfer an action pursuant to Section 1404(a) is an "individualized analysis and must be made on the unique facts presented in each case." Id. at 527 (citations omitted).

Courts have identified a number of additional factors that may be considered when deciding a transfer motion. These factors generally fall into two categories: private interests and public interests. Private interests include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F. Supp. 2d 465, 474 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)) (internal quotations omitted). Public interests include:

> (1) the enforceability of the judgment; (2) practical considerations that
> could make the trial easy, expeditious, or inexpensive; (3) the relative
> administrative difficulty in the two fora resulting from court congestion;
> (4) the local interest in deciding local controversies at home; (5) the public
> policies of the fora; and (6) the familiarity of the trial judge with the
> applicable state law in diversity cases.

Id. (citing Jumara, 55 F. Supp. 2d at 879-80) (internal quotations omitted).

### A. Private Interests

Here, the private interests weigh in favor of transferring the case to the Southern District of Florida. As an initial matter, considering the convenience of the witnesses, the Court concludes that this factor weighs in favor of transferring the action to the Southern District of Florida. Plaintiff's claims relate almost entirely to the acts and omissions of Defendants which occurred in Florida. Most of the relevant witnesses are located in Florida. While there may be peripheral witnesses located in New Jersey, the analysis of witness convenience nevertheless tips in favor of transfer.

Further, most of the relevant documents - including those Plaintiff seeks to audit and to replevin - as well as the actual situs of the Office and alleged events are also located in the state of Florida. See Liggett, 102 F. Supp. 2d at 528. These factors support transfer of the action to the United States District Court for the Southern District of Florida.

While a plaintiff's forum choice generally deserves deference, it is accorded less deference "where the operative facts of a lawsuit occurred outside the forum selected by plaintiff." Danka Funding, 21 F.Supp.2d at 475 (citing Am. Tel. & Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990)). Plaintiff's claims appear to center around alleged acts in Florida. Plaintiff asserts that it executed the Franchise Agreement and Promissory Note in New Jersey, and states that it failed to receive monies owning under those agreements in New Jersey. However, the Office at issue is located in Florida and most of the facts giving rise to the alleged breach occurred in Florida. Specifically, the parties' agreements established a franchise which was to be located in and operated solely out of a specific office within the State of Florida and the contracts at issue were performed and allegedly breached in Florida.

Plaintiff argues that several other events, such as Defendants' receipt of marketing assistance developed in and sent from New Jersey and Defendants' contact with Plaintiff's employees in New Jersey concerning various programs and training, weigh against transferring this matter to Florida. However, most of the events cited by Plaintiff focus on the conduct occurring in New Jersey prior to the alleged breaches at issue - the events and omissions giving rise to Plaintiff's claims. Accordingly, the Court is persuaded that the substantial majority of the operative facts which form the basis of Plaintiff's claims occurred in Florida.

Plaintiff also argues that its choice of venue should not be disturbed because it brought this action in the District of New Jersey pursuant to a non-exclusive forum selection clause. Although a forum selection clause is a "significant factor that figures centrally in the district court's calculus," Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988), it is not dispositive

of a motion to transfer.  See Plum Tree, Inc. v. Stockment, 488 F.2d 754, 758 (3d. Cir. 1973) ("... the existence of a forum selection clause whose enforcement is not unreasonable does not necessarily prevent the selected forum from ordering a transfer of the case pursuant to Section 1404(a)"). Rather, the Court must balance all of the relevant factors to determine whether transfer is appropriate. See id. (noting that a private agreement does not obviate the need for a 1404(a) analysis and does not preclude transfer); DeLage Landen Fin. Servs. v. Elite Tech. (NY), Inc., 2009 U.S. Dist. LEXIS 91616, *8-9 (E.D. Pa. Sept. 30, 2009) (holding that public and private interests weigh in favor of transfer despite permissive forum selection clause); see also Siemens Fin. Servs. Inc. v. Open Advantage M.R.I. II L.P., 2008 WL 564707, *4 (D.N.J. Feb. 29, 2008); Ramada Worldwide, Inc. v. Brooklyn Park Hotel Properties, LLC, et al., No. 05-3842 (JAG) (D.N.J. 2005). Moreover, courts accord more weight to exclusive forum selection clauses than to permissive forum selection clauses in which a party merely consents to jurisdiction and venue in a court which may otherwise lack them.  See DeLage Landen Fin. Servs. v. Cardservice Int'l, Inc., 2000 U.S. Dist. LEXIS 15505, *6, n.3 (E.D.Pa. Oct. 26, 2000) (citing Stewart, 487 U.S. at 29; Plum Tree, 488 F.2d at 758, n.7).  Even affording the permissive forum selection clause due weight, given that the operative facts of the suit, along with most witnesses, documents, and the Office itself are all located in Florida, the Court concludes that, on balance, the private interest factors weigh in favor of transfer.

### B.  Public Interests

 The public interests also weigh in favor of transferring this case to the Southern District of Florida. Central to this analysis is that the weight of the operative facts occurred in the transferee district.  As discussed above, most of the witnesses and records pertaining to this matter are located within the state of Florida.  Thus, it is clear that it will likely be less expensive and more efficient for the case to proceed in the Southern District of Florida.  Further, Florida has an interest in resolving this controversy in its home forum.  Thus, taken together, the public interest factors support the transfer of this case to the Southern District of Florida.

### C. Interests of Justice

Transferring this action to the Southern District of Florida will serve the interests of justice. The principal events giving rise to Plaintiff's claims occurred in Florida, a majority of the witnesses and documents are located in Florida, and the Court is persuaded that the Florida courts have a greater interest in adjudicating this matter.  Accordingly, Defendant's motion to transfer should be granted.

### CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to transfer this case to the United States District Court for the Southern District of Florida.


**Dated: May 14, 2010**                              _s/ Claire C. Cecchi_
                                                                            **HON. CLAIRE C. CECCHI**
                                                                            **United States Magistrate Judge**